T.C. Memo. 1996-121

UNITED STATES TAX COURT

ROBERT P. AND CHRISTINE M. LOLLI, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 2752-94, 4272-94.      Filed March 12, 1996.

Robert P. Lolli, pro se.

Andrew J. Horning, for respondent.

MEMORANDUM OPINION

DEAN, Special Trial Judge:  These consolidated cases were
assigned pursuant to the provisions of section 7443A(b)(3) and
Rules 180, 181, and 182.[1]

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue.  All
Rule references are to the Tax Court Rules of Practice and
Procedure.

Respondent determined deficiencies in petitioners' 1990 and 1991 Federal income taxes in the amounts of $6,871 and $632, respectively, and an accuracy-related penalty under section 6662(a) for the taxable year 1990 in the amount of $1,374.

After concessions,[2] the issues for decision are: (1) Whether petitioners are entitled to a business loss deduction in the amount of $24,675 for the taxable year 1990; (2) whether petitioners are entitled to a business loss deduction in the amount of $3,000 for the taxable year 1991; (3) whether petitioner Robert Lolli received a $184 taxable refund of taxes from the State of Arizona during the taxable year 1991; (3) whether petitioner Robert Lolli received $369 of interest income during the taxable year 1991; and (4) whether petitioners are liable for an accuracy-related penalty under section 6662(a) for the taxable year 1990 for negligence or disregard of rules or regulations.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Although the record does not disclose petitioners' residence at the time they filed their

---

[2]The parties agree that: (1) Petitioner Robert Lolli received, but failed to report, $24,500 of self-employment income during the taxable year 1990 that is subject to self-employment tax under sec. 1401; (2) petitioners did not receive interest income in the amount of $332 during the taxable year 1990; and (3) petitioner Robert Lolli earned, but failed to report, $3,106 of W-2 wages earned during the taxable year 1991. We note that petitioners are entitled to a deduction under sec. 164(f) for one-half the self-employment tax paid under sec. 1401.

petition, they resided in Scottsdale, Arizona, at the time their amended petition was filed. References to petitioner are to Robert Lolli.

Background

For the taxable year 1990, respondent determined a deficiency with respect to $24,500 of self-employment income that petitioners failed to report on their 1990 Federal income tax return. Respondent also determined that petitioners were liable for an accuracy-related penalty under section 6662(a) in the amount of $1,374.20 for negligence or disregard of rules or regulations. Petitioners now claim for the first time that they are entitled to "an offsetting business loss of $24,675" with respect to the self-employment income they failed to report.

For the taxable year 1991, petitioners filed a Schedule C for a business identified as "Horizon America", the principal activity of which was "landscaping of new homes". Although petitioners reported no gross receipts for Horizon America for 1991, they claimed a Schedule C loss that year in the amount of $3,000 for bad debts from sales or services. Respondent determined in her notice of deficiency for 1991 that petitioners had failed to report a $184 taxable refund of taxes from the State of Arizona and $369 of taxable interest. Respondent did not, however, disallow the $3,000 bad debt deduction claimed by petitioners on their 1991 Schedule C.

At trial, respondent orally moved for an increased deficiency, arguing that the $3,000 loss claimed with respect to "Horizon America" for 1991 was duplicative of the business loss claimed for 1990, and should, therefore, be disallowed. Pursuant to the Court's instruction, respondent reduced her oral motion to writing, and filed a motion for increased deficiency in petitioners' 1991 Federal income tax in the amount of $487 on May 4, 1995. Respondent's motion for increased deficiency was granted on June 5, 1995.

## Discussion

We begin with the often-stated principle that respondent's determinations are presumed correct, and petitioners generally bear the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

### Business loss deductions

At trial, petitioner explained that the $24,675 "business loss" claimed for the first time in the amended petition represents a deduction for the "theft" of sums he invested during 1988 in a partnership identified as "Sonoran Verde Landscaping". We need not address the details of this testimony, however, as the following exchange between respondent and petitioner is sufficient to dispose of the issue:

> Q: Okay. And you're claiming you realized [that you were] * * * swindled * * * in 1988 or early 1989, is that right, January * * * of '89?

A:   That's really a matter of when we had this discussion once before.  The minute I handed him money it was a swindle.  The last time -- the last check he got in my heart, in my opinion, was the swindle.

Q:   Right

A:   Now, when did I know that, probably a week later.

Q:   Which was in January of 1989?

A:   Or December of '88 in that little time frame, yeah.

Section 165(a) generally provides that there shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise.  For purposes of section 165(a), a loss arising from theft is treated as sustained during the taxable year in which the taxpayer discovers such loss.[3]  Sec. 165(e); sec. 1.165-8, Income Tax Regs.  Thus, even if we accept, arguendo, that there was a theft of the moneys invested by petitioner, his testimony belies his claim that the proper year to account for such a loss was 1990.[4]

Respondent bears the burden of proof with respect to her determination of an increased deficiency in the amount of $487

---

[3]The record does not demonstrate, with respect to the purported theft of his investment, that there was a claim for which petitioner had a "reasonable prospect of recovery".  Accordingly, the provisions of sec. 1.165-1(d)(3), Income Tax Regs., are not applicable in this matter.

[4]Furthermore, even if we were to characterize the "business loss" claimed in the amended petition as a deduction for a bad debt, petitioner has failed to produce any evidence, other than his own self-serving testimony, that such a debt became worthless within the taxable year 1990.  Sec. 166(a).

for the taxable year 1991.  Rule 142(a).  Based upon the testimony elicited from petitioner at trial, we find that respondent has met her burden of demonstrating that the $3,000 business loss deduction claimed for 1991 on the "Horizon America" Schedule C was duplicative of the business loss deduction claimed for 1990.  Respondent's determination of an increased deficiency is therefore sustained.

Refund and interest

Petitioners failed to produce any evidence to refute respondent's determination that petitioner received taxable interest income in the amount of $369 and a $184 taxable refund from the State of Arizona during the taxable year 1991. Accordingly, respondent is sustained on these issues.

Section 6662 penalty

Respondent determined an accuracy-related penalty under section 6662(a) with respect to petitioners' 1990 Federal income tax return for negligence or disregard of rules or regulations.

In pertinent part, section 6662 imposes an accuracy-related penalty equal to 20 percent of the portion of an underpayment of tax that is attributable to negligence or disregard of rules or regulations.  Sec. 6662(a), (c).  Section 6662(c) defines "negligence" as including any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and defines "disregard" as including any careless, reckless, or intentional disregard.

Petitioners failed to offer any evidence regarding respondent's determination of an accuracy-related penalty in this matter.  Accordingly, they have not met their burden of proof, and respondent's determination will be sustained.

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>under Rule 155</u>.